IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY THOMPSON,<br><br>      Plaintiff,<br><br>v.<br><br>O'BRIEN TIRE AND SERVICE, INC.,<br><br>      Defendant. | Case No. 3:23-CV-3533-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss filed by Defendant O'Brien Tire and Service, Inc. (Doc. 17) and a Motion to Strike filed by Plaintiff Larry Thompson (Doc. 18). For the reasons set forth below, the Motion to Dismiss is granted in part and denied in part, and the Motion to Strike is granted.

### BACKGROUND

The Court accepts as true the following facts, which are taken from the Amended Complaint and its attachments, including the Charge of Discrimination that was filed with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"). *See Clark v. L. Off. of Terrence Kennedy, Jr.*, 709 F. App'x 826, 827 (7th Cir. 2017).

Plaintiff Larry Thompson ("Thompson") worked for Defendant O'Brien Tire and Service, Inc. ("O'Brien") as a lube technician from June 2022 through December 2022. (Doc. 15 at ¶ 15). Thompson was 64 years old at the time of his employment. (*Id.* at ¶¶ 17-

18). As a lube technician, Thompson was told that his primary job was to conduct oil changes. (*Id.* at ¶ 20).

In October 2022, Thompson's manager began asking him to perform nearly impossible tasks, including changing tires on extremely large vehicles, in an effort to make him quit. (*Id.* at ¶ 21). After giving Thompson a task that was difficult for him to perform on his own, Thompson's manager just stood there and laughed at him, which was humiliating for Thompson. (Doc. 15-1 at p. 2). At the same time, O'Brien did not change its younger worker's job duties to make their jobs more difficult. (Doc. 15 at ¶ 23).

In November 2022, Thompson noticed O'Brien was interviewing for what he later learned was his replacement. (Doc. 15-1 at p. 2). Thompson overheard his manager telling the owner of O'Brien that the new hire he had just interviewed was "young, healthy, vibrant, and tall." (Doc. 15 at ¶ 25). In December 2022, O'Brien terminated Thompson for "not being able to keep up with work," which Thompson claims was false. (*Id.* at ¶ 26). Thompson asserts he was more than capable of performing daily oil changes, as he had been hired as a lube technician. (Doc. 15-1 at p. 2). O'Brien replaced Thompson with an employee approximately 30 years younger than he was. (Doc. 15 at ¶ 28).

Thompson filed a Charge of Discrimination with the IDHR and EEOC on May 9, 2023. (Doc. 15-1). The EEOC issued a Right to Sue letter on September 11, 2023, and Thompson subsequently filed this lawsuit alleging age-based discrimination and harassment in violation of the Age Discrimination in Employment Act ("ADEA") and the Illinois Human Rights Act ("IHRA"). O'Brien now moves to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. (Doc. 17).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The Court accepts as true the complaint's well-pleaded factual allegations and draws all reasonable inferences—but not legal conclusions—in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013).

To survive a Rule 12(b)(6) motion, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* "Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must 'ask itself *could* these things have happened, not *did* they happen." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 833 (7th Cir. 2015) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010)). "The standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations." *Id.* (citing *Olson v. Champaign Cnty.*, 784 F.3d 1093, 1098 (7th Cir. 2015)).

## DISCUSSION

### I. Motion to Strike

As a preliminary matter, O'Brien attached an affidavit from its President to its Motion to Dismiss. (Doc. 17-1). The affidavit provides Thompson's dates of employment and further states that O'Brien did not employ 20 or more employees as required to meet the definition of "employer" under the ADEA. (*Id.*). Thompson has moved to strike the

affidavit because it is an extrinsic document that the Court cannot consider on a motion to dismiss without first converting the motion to one for summary judgment. (Doc. 18).

"In general, a court may only consider the plaintiff's complaint when ruling on a Rule 12(b)(6) motion." *Burke*, 714 F.3d at 505. However, a court may consider a limited class of documents attached to a motion to dismiss without converting the motion to one for summary judgment. *Id.* These documents "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Id.*

The affidavit attached to O'Brien's Motion to Dismiss does not fall within this category of documents. Therefore, the Court cannot consider it without converting O'Brien's motion to a motion for summary judgment. Although O'Brien urges the Court to do just that, the Court finds that discovery on the matter of whether O'Brien employed 20 or more employees is appropriate and therefore declines to convert the motion to a motion for summary judgment. Thompson's motion to strike is granted.

## II.     Age-Based Discrimination

The ADEA protects workers who are at least 40 years of age from age-based employment discrimination. 29 U.S.C. §§ 623(a)(1), 631(a). A plaintiff seeking to establish a prima facie case of age discrimination must show: (1) he was over the age of 40, (2) he met his employer's legitimate job expectations, (3) he suffered an adverse employment action, and (4) the employer treated younger, similarly situated employees more favorably, or sought to replace him with someone substantially younger. *Clark-Kutscher v. SSM Health Care Corp.*, No. 3:21-CV-01446-NJR, 2023 WL 5832143, at *8 (S.D. Ill. Sept. 8, 2023). "To recover under a theory of disparate treatment in the ADEA context, 'it's not

enough to show that age was a motivating factor. The plaintiff must prove that, but for his age, the adverse action would not have occurred.'" *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367 (7th Cir. 2019) (quoting *Wrolstad v. Cuna Mut. Ins. Soc'y*, 911 F.3d 450, 454 (7th Cir. 2018)). A claim of age discrimination under the IHRA is subject to the same analysis and burden of proof as a suit under the ADEA. *Clark-Kutscher*, No. 3:21-CV-01446-NJR, 2023 WL 5832143, at *10 (citing *Teruggi v. CIT Group/Capital Finance, Inc.*, 709 F.3d 654, 659 (7th Cir. 2013)).

Here, Thompson alleges he was over the age of 40 and was more than capable of performing the oil changes that he was hired to do. Thompson's manager, however, assigned him nearly impossible tasks, outside of his normal job duties, that were not given to younger employees. Thompson also overheard his manager describing a new hire as "young, healthy, vibrant, and tall" shortly before Thompson was terminated and replaced with an employee 30 years younger than him. These facts are sufficient to state a claim for age-based discrimination under the ADEA and the IHRA. Therefore, the motion to dismiss is denied as to Thompson's age-based discrimination claims in Counts I and II.

**III.    Age-Based Harassment**

To state a claim for age-based harassment under the ADEA, a plaintiff must allege that he (1) was subject to unwelcome harassment; (2) the harassment was based on his age; (3) the harassment "was sufficiently severe or pervasive so as to alter the conditions of [his] employment and create a hostile or abusive atmosphere"; and (4) there is a basis for employer liability. *Tyburski v. City of Chicago*, 964 F.3d 590, 601 (7th Cir. 2020). To

determine whether a plaintiff's work environment is objectively offensive, a court considers all circumstances including the "frequency and severity of the conduct, whether it is humiliating or physically threatening, and whether it unreasonably interferes with an employee's work performance." *Id.* at 601-02. For harassment to be actionable under the ADEA, it must go beyond "[m]ere personal animosity or juvenile behavior by coworkers." *Id.* at 602. "Even insults specifically referencing age do not necessarily rise to the level of actionable harassment." *Id.* Claims of age-based harassment under the IHRA are analyzed under the same standard used for ADEA claims. *Walker v. City of Markham*, 676 F. Supp. 3d 623, 631–32 (N.D. Ill. 2023) (citing *Zaderaka v. Ill. Hum. Rts. Comm'n*, 545 N.E.2d 684, 687 (Ill. 1989)).

The facts alleged by Thompson are insufficient to state a claim for age-based harassment under the ADEA and IHRA. Thompson alleges that his manager laughed at him when he could not perform a difficult task on his own, which was humiliating. While it is unclear how many times this situation occurred, there are no factual allegations to support Thompson's claim that the conduct was "severe or pervasive" so as to create a hostile or abusive work atmosphere. *See Twombly*, 550 U.S. at 570 (a plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements").

Indeed, courts often require more when allowing an age-based discrimination case to proceed to discovery. For example, allegations of being called an "old man," "grandpa," "crusty," and "fossil" on a near *daily* basis has been found sufficient to survive a motion to dismiss. *Tanner v. Bd. of Educ. of Fremont Sch. Dist. 79, Cnty. of Lake*, No. 21 CV

2713, 2022 WL 2439941, at *4 (N.D. Ill. July 5, 2022). On the other hand, "public[ly] calling out" a plaintiff in terms of her age "plainly do[es] not suffice and instead fall[s] into the category of 'offhand comments, isolated incidents, and simple teasing' that do[es] not rise to the level of conduct altering the terms and conditions of employment." *Minge v. Cook Cnty., Illinois*, No. 20-CV-6935, 2022 WL 4551899, at *6 (N.D. Ill. Sept. 29, 2022) (quoting *Passananti v. Cook County*, 689 F.3d 655, 667 (7th Cir. 2012)).

Like *Minge*, the Court finds that Thompson's allegations of age-based harassment are not sufficiently severe or pervasive so as to alter the conditions of his employment and create a hostile or abusive atmosphere. While Thompson's manager was certainly behaving like a juvenile when he laughed at Thompson, these actions fall below the standard required to state a claim for age-based harassment under the ADEA and IHRA. Accordingly, Counts III and IV shall be dismissed without prejudice.

## Conclusion

For these reasons, the Motion to Strike filed by Plaintiff Larry Thompson (Doc. 18) is **GRANTED**.

The Motion to Dismiss filed by Defendant O'Brien Tire and Service, Inc. (Doc. 17), is **GRANTED in part and DENIED in part**. Counts III and IV are **DISMISSED without prejudice**.

    IT IS SO ORDERED.

    DATED:  August 6, 2024

                                          _____
                                          **NANCY J. ROSENSTENGEL**
                                          **Chief U.S. District Judge**